IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR113 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| TIMOTHY W. WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 30) issued by Magistrate Judge recommending denial of the motion to suppress filed by the Defendant, Timothy W. Washington (Filing No. 15). Washington filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 35, 36) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Washington is charged in a one-count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Washington seeks an order suppressing his statements made after his March 2, 2005, arrest.

Following an evidentiary hearing, Judge Thomas D. Thalken issued a Report and Recommendation in which he concluded: Officer Antoniak's mistake of law was objectively reasonable; and the length of the detention was not unreasonable. Judge Thalken noted that the Defendant does not contest either the legality of the search of the vehicle once Wynn, the driver, was arrested or that Washington's statements were volunteered.

On the basis of these determinations, Judge Thalken recommended that the Defendant's motion to suppress be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events surrounding the events relevant to the Defendant's speedy trial calculation.  The Court has considered the transcript of the evidentiary hearing (Filing No. 26).  The Court also carefully viewed the evidence (Filing No. 25).  Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge 's factual findings  in their entirety.

## FACTUAL BACKGROUND

Briefly, Officer Antoniak testified that he stopped the vehicle in which the Defendant was a passenger because he noticed a cracked windshield, which he assumed was a violation of state law.[1]  After performing a record check and learning that the driver, Kevin

---

[1] In fact, no Nebraska statute or Omaha city ordinance exists banning cracked windshields.  The state statute that the officer thought was violated provides, in pertinent part:

> It shall be unlawful for any person to operate a motor vehicle with any object placed or hung in or upon such vehicle, except required or permitted equipment of the vehicle, in such a manner as to obstruct or interfere with the view of the operator through the windshield or to prevent the operator from having a clear and full view of the road and condition of traffic behind such vehicle.

Neb. Rev. Stat. § 60-6,256 (Reissue 2004).

2

Wynn, was a suspended driver, the officer arrested Wynn, searched the vehicle, and found a handgun. The officer questioned Wynn about the gun, but Washington overheard and stated that "it's mine and I carry it for protection."

## ANALYSIS

The Defendant objects to the following portions of Judge Thalken's Report and Recommendation, arguing that the evidence does not support a finding that the officer saw a crack in the windshield similar to what the officer described or that it obstructed the driver's vision, and that any belief that a cracked windshield violated applicable law was not objectively reasonable.

With respect to the shape and extent of the crack, the Court agrees with Judge Thalken's analysis of the evidence: "While there may be a dispute as to the extent of the crack in the windshield in the Buick in issue, the court credits Officer Antoniak's testimony that he believed he observed a crack in the windshield and that such crack was sufficient to obstruct the vision of the driver of the Buick." (Filing No. 30, at 4.)

In concluding that the officer had a good faith subjective belief that the cracked windshield violated Nebraska law, Judge Thalken relied on *United States v. Sanders,* 196 F.3d 910, 913 (8th Cir. 1999). In *Sanders,* the Eighth Circuit found it unnecessary to determine whether a driver violated a South Dakota statute with respect to tail lights. The question was whether the officer objectively held a reasonable belief that the driver broke a traffic law and therefore was justified in making the stop. The court stressed that the determination of probable cause should not be made in hindsight, but rather in light of what the officer knew at the time. In *Sanders,* the officer saw a white tail light and thought that

3

the law required red tail lights. *Id.* at 913. However, the Eighth Circuit stated in a footnote that "[t]here may be occasions when an officer's understanding of the law is simply unreasonable. In such a case, of course, the officer's belief that there is a traffic violation would not be sufficient to establish probable cause to stop the vehicle." *Id.* at n. 3. The Defendant argues that the instant case involves an unreasonable mistake of law falling within the *Sanders* footnote because no Nebraska statute addresses a cracked windshield, relying on *United States v. Martin,* 411 F.3d 998, 1001 (8th Cir. 2005). *Martin* involved a brake light, and in deciding the case described by the Eighth Circuit as "close," the court stated:

> There is no basis to question the district court's finding that Grube believed in good faith that Martin was operating a vehicle in violation of the Code. But his subjective good faith is not sufficient to justify the stop, for officers have an obligation to understand the laws that they are entrusted with enforcing, at least to a level that is objectively reasonable. Any mistake of law that results in a search or seizure, therefore, must be objectively reasonable to avoid running afoul of the Fourth Amendment.

*United States v. Martin,* 411 F.3d 998, 1001 (8th Cir. 2005).

In concluding that the traffic stop was objectively reasonable, the *Martin* court also stated that "a misunderstanding of traffic laws, if reasonable, need not invalidate a stop made on that basis." *Id.* at 102.

Applying the principles set out particularly in *Sanders* and *Martin*, the Court finds in Washington's case: Officer Antoniak misunderstood the Nebraska motor vehicle statutes;[2]

---

[2]Prior discussion in this case involved only Neb. Rev. Stat. § 60-6,256 (Reissue 2004). However, the Court finds that Officer Antoniak's misunderstanding of the law is also reasonable in light of the existence of Neb. Rev. Stat. §§ 60-6,254 (Reissue 2004) (view to rear required).

his misunderstanding was reasonable; and the traffic stop was made on that basis. Therefore, the Court concludes that the vehicle stop was objectively reasonable.

## CONCLUSION

For the reasons discussed, the motion to suppress is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 30) is adopted in its entirety;

b. The Statement of Objections to the Report and Recommendation (Filing No. 35) is denied;

3. The Defendant's Motion to Suppress (Filing No. 15) is denied.

DATED this 22nd day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge